## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| MITCH ABEITA, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | Hon. |
| v. | ) | |
| | ) | |
| UNITED SERVICES AUTOMOBILE | ) | **Demand for Jury Trial** |
| ASSOCIATES DBA USAA | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' COMPLAINT

MITCH ABEITA (Plaintiff), through his attorneys, LAW OFFICES OF RYAN LEE, PLLC, alleges the following against UNITED SERVICES AUTOMOBILE ASSOCIATES DBA USAA (Defendant):

## INTRODUCTION

1.       Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

2.       The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.       In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are

unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.


## JURISDICTION AND VENUE

5.      Jurisdiction of this Court over Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331.

6.      Because Defendant conducts business in the State of Texas personal jurisdiction is established.

7.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).


## PARTIES

8.      Plaintiff is a natural person who resides in Grand Prairie, Texas.

9.      Plaintiff is informed, believe, and thereon allege, that Defendant is a national company with a main business office in San Antonio, Texas

10.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.    In or around October 2017, Defendant began constantly and consistently placing telephone calls to plaintiff in an attempt to collect a debt an alleged debt.

12.    Defendant places telephone calls to Plaintiff MITCH ABEITA on his cellular telephone at 214-534-5706.

13.    Based upon the timing and frequency of Plaintiffs calls and per its prior business practices, each collection call placed by Defendant to Plaintiffs was placed using an automatic telephone dialing system.

14.    On October 23, 2017 at 8:33 a.m., Plaintiff called Defendant at the phone number 800-531-0378 and spoke with Defendant's representative.   During the conversation with Defendant's representative, Plaintiff told Defendant to stop calling his cell phone.

15.    Plaintiff both revoked any consent, either explicitly or implicitly, to receive automated telephone calls from Defendant on his cellular telephone.

16.    Despite Plaintiffs' request to cease, Defendant placed two-hundred and seventeen (217) calls to Plaintiff's cellular phone.

17.    Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

18.    If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to her.

19.    Defendant's calls constituted calls that were not for emergency purposes as

defined by 47 U.S.C. § 227(b)(1)(A).

20.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21.     Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

22.     Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

23.     Despite this, Defendant continued to place repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

## COUNT I

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

24.     Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

25.     Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

26.    Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

27.    Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

28.    All court costs, witness fees and other fees incurred; and

29.    Any other relief that this Honorable Court deems appropriate.


Dated: April 16, 2019                    RESPECTFULLY SUBMITTED,

                                         LAW OFFICES OF RYAN LEE, PLLC


                                         By:   /s/ Ryan Lee                          .

                                               Ryan Lee
                                               Law Offices of Ryan Lee, PLLC
                                               7272 E. Indian School Rd. Ste. 540
                                               Scottsdale, AZ 85251
                                               Tel: 323-524-9500
                                               Fax: 323-524-9502
                                               ryan@ryanleepllc.com
                                               Attorney for Plaintiff